IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SETH W. FRITSCHIE                                                                                      PLAINTIFF

vs.                                              Civil No. 2:17-cv-02231

NANCY BERRYHILL                                                                                      DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Seth W. Fritschie ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff protectively filed his DIB application on June 4, 2015. (Tr. 17). In this application, Plaintiff alleges being disabled due to central disc extrusion, indentation of ventral thecal sac, chronic pain, weakness, and loss of muscle control. (Tr. 187). Plaintiff alleges an onset date of December 20, 2013. (Tr. 17). This application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on March 22, 2016. (Tr. 107-108). Plaintiff's

administrative hearing was held on September 9, 2016.  (Tr. 32-62).  At this hearing, Plaintiff was present and was represented by Davis Duty.  *Id.*  Plaintiff and Vocational Expert ("VE") Larry Seifert testified at this hearing.  *Id.*  At this hearing, Plaintiff was thirty-six (36) years old and had a Bachelor's Degree in Landscape Horticulture.  (Tr. 35).

On December 14, 2016, the ALJ entered an unfavorable decision denying Plaintiff's application.  (Tr. 17-26).  In this decision, the ALJ found Plaintiff met the insured status of the Act through September 30, 2018.  (Tr. 19, Finding 1).  The ALJ also found Plaintiff had not engaged in substantial gainful activity since December 20, 2013.  (Tr. 19, Finding 2).

The ALJ next found Plaintiff had severe impairments that included degenerative disc disease, colitis, and hypertension.  (Tr. 19, Finding 3).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 21-24, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform a limited range of sedentary work.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 24, Finding 6).  The ALJ found Plaintiff was unable to perform any PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 25, Finding 10).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a radio dispatcher with

approximately 350 such jobs in the State and 26, 781 such jobs in the nation, data entry clerk with approximately 788 such jobs in the State and 103,426 such jobs in the nation, and telephone solicitor with approximate 3,543 such jobs in the State and 178,233 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from December 20, 2013 through the date of the decision. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 157-162). On November 17, 2017, the Appeals Council denied this request for review. (Tr. 1-6). On November 15, 2017, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15, 16. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff argues the ALJ erred: (1) in the RFC determination, (2) by failing to properly evaluate his allegations of pain, and (3) in the Step 5 determination . ECF No. 15 at 10-17. Upon review of these claims, the Court agrees with Plaintiff and finds the ALJ improperly evaluated Plaintiff's subjective complaints. Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v.*

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records and the opinions of Plaintiff's treating and consultative physicians, along with a brief discussion of Plaintiff's activities of daily living. (Tr. 21-24). The ALJ also provided an entirely conclusory reason for discounting Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 22-23).

Accordingly, the Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical

evidence does not fully support them [the subjective complaints]"). Accordingly, this case must be reversed and remanded.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 19th day of December 2018.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE